**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS (CHICAGO)**

| | |
|---|---|
| DARRICK LASHAWN WILLIAMS, | CASE NO: 1:24-cv-01893 |
| Plaintiff, | Judge Honorable Mary M. Rowland |
| vs. | |
| TRANS UNION LLC. | |
| Defendant. | |

**DEFENDANT TRANS UNION, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF's COMPLAINT**

Defendant consumer reporting agency ("CRA"), Trans Union, LLC ("Trans Union"), hereby submits its Memorandum in Support of its Motion to Dismiss (the "Motion").

The Motion should be granted in this alleged Fair Credit Reporting Act ("FCRA") case where *pro se* Plaintiff vaguely claims that Trans Union violated the FCRA by reporting his four "negative accounts," including Austin Capital Bank, Discover Bank, Self Financial, Inc./Lead Bank, and Sunrise Bank Self Lender (the "Accounts"), which Plaintiff claims are "inaccurate or incomplete," because:

A. A showing of an inaccuracy is an essential prima facie element of a claim under the FCRA, and Plaintiff has failed to allege what information Trans Union reported much less how it was inaccurate;

B. Pursuant to the FCRA, case law holds that Trans Union is not required to obtain Plaintiff's consent or permission to report the Accounts;

1

C. Case Law Holds That Trans Union is Not Required To Obtain And Provide Plaintiff With "Proof" or "Written Validation" When Performing A Reasonable Reinvestigation To Verify The Accuracy Of The Information It Reports;

D. Plaintiff has failed to allege, as required, any plausible injury stemming from the alleged "Inaccurate or Incomplete" Accounts; and

E. Plaintiff's claims should be dismissed with prejudice because amendment would be futile since the facts would not change and there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA.

## I. **INTRODUCTION**

*Pro se* Plaintiff Darrick Williams' ("Plaintiff") complaint fails to achieve its primary purpose: it does not identify with specificity what, if anything, Trans Union has done wrong. From what Trans Union can decipher, Plaintiff appears to allege that Trans Union violated the Fair Credit Reporting Act ("FCRA"), by investigating and reporting four "negative accounts," which Plaintiff claims are "inaccurate or incomplete," based on his personal belief that the "inclusion of these negative accounts is [not] necessary or accurate for permissible purpose," and he can then therefore, "presume that no proof of the alleged debt, nor [] any such debt, in fact exists." *See* Compl., ¶¶ 1-4. Similarly, Plaintiff claims he "requested that TransUnion investigate the accuracy of these negative accounts and remove information that is found inaccurate or incomplete," but that in response to the investigations, "TransUnion sent a written response, 'upon our investigation' 'verified.'" *See* Compl., ¶¶ 5-8. Lastly, Plaintiff claims that as a result, he has "been denied credit," entitling him to "statutory and actual damages, along with attorneys' fees, and the costs of litigation . . ." including "removal" of the Accounts, "$10,000," and "(8) free online credit reports." *See* Compl. ¶ 8; p. 2 "Plaintiff Notice of Relief Requested" ¶¶ 1-3.

Plaintiff's Complaint lacks any factual allegations to support his FCRA claims beyond vague, conclusory statements. To the extent Plaintiff intended to sue Trans Union for reporting negative or inaccurate information in his credit report, his Complaint must be dismissed, as he does not sufficiently plead any information, much less how it was inaccurate. Similarly, to the extent Plaintiff sought to assert a claim against Trans Union for an unreasonable reinvestigation, the Complaint fails because it does not allege any facts whatsoever in support of this claim, beyond Plaintiff's grievances with the reinvestigation requirements under the FCRA and the alleged results of Trans Union's reinvestigations.

For all of the foregoing reasons, Plaintiff's Complaint must be dismissed.

## II. <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) requires the Court to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive dismissal, a plaintiff must put forward cognizable factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will be dismissed where it fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added). Thus, Plaintiff must include enough facts to move their "claims across the line from conceivable to plausible." *Twombly* at 570. Moreover, "[a] plaintiff must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 555.

To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific inquiry," drawing on the court's "experience and common sense." *Iqbal* at 662. This standard "demands more than an unadorned, the-defendant-unlawfully-

3

harmed-me accusation." *Iqbal* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown– that the pleader is entitled to relief." *Iqbal*, 556 at 679 (internal quotations and citations omitted).

Although *pro se* complaints are entitled to a less stringent standard and a more liberal interpretation, Courts are not required to overlook a pro se plaintiff's complaint that does not provide any factual basis for the claims. *See Morgan v. Centers for New Horizons, Inc.*, 2004 WL524441, *3 (N.D. Ill. Mar. 15, 2004) (granting defendant's motion to dismiss *pro se* plaintiff's complaint because even under the "relaxed standards governing pro se pleadings," plaintiff failed to provide a basis for a claim against the defendant); *see also*; *McCormick v. City of Chicago*, 230F.3d 319, 325 (7th Cir. 2000). Furthermore, "the court is not required to accept inferences drawn by the pro se plaintiff if such inferences are unsupported by facts set forth in the complaint, nor is it required to accept legal conclusions cast in the form of factual allegations." *Radivojevic v. Granville Terrace Mut Ownership Trust*, 2000 WL 1433999, *2 (N.D. Ill. Sept. 27, 2000) (granting defendants' motion dismiss because pro se plaintiff failed to set forth any facts to show why his claim should survive defendants' motion to dismiss).

### III. <u>ARGUMENT</u>

#### A. A Showing Of An Inaccuracy Is An Essential Prima Facie Element Of A Claim Under The FCRA, And Plaintiff Has Failed To Allege What Information Trans Union Reported Much Less How It Was Inaccurate.

To prevail on either a 15 U.S.C. § 1681e(b) ("reasonable procedures") or a 15 U.S.C. § 1681i ("reasonable reinvestigation") claim under the FCRA, the Plaintiff must first demonstrate an inaccuracy in Trans Union's reporting. *See Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994) ("In order to state a claim under 15 U.S.C. § 1681e(b), a consumer must sufficiently

allege that a credit reporting agency prepared a report containing inaccurate information.") (internal quotations omitted); *Handrock v. Ocwen Loan Servicing, LLC*, 216 F. Supp.3d 869, 873 (N.D. Il. Nov. 1, 2016) ("To state a claim under either § 1681e(b) or § 1681i, Plaintiffs must allege that their credit reports contained inaccurate information.") (citing *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994)).

Moreover, case law makes it clear that Trans Union "is not automatically liable even if the consumer proves that it prepared an inaccurate credit report because the FCRA 'does not make reporting agencies strictly liable for all inaccuracies.'" *See Sarver v. Experian Information Solutions*, 390 F.3d 969, 971 (7th Cir. 2004) (quoting *Henson*, 29 F.3d at 284). Further, case law has held that Trans Union "is not liable under the FCRA if it followed 'reasonable procedures to assume maximum possible accuracy,' but nonetheless reported inaccurate information in the consumer's credit report." *Id.*

Here, Plaintiff's Complaint does not specify what information Trans Union reported, much less how it was inaccurate, or how such inaccuracies resulted from a failure to maintain reasonable procedures or conduct a reasonable reinvestigation. *See* Compl. ¶¶ 1-7. Plaintiff simply claims that Trans Union violated the FCRA by reporting four "negative accounts," which Plaintiff claims are "inaccurate or incomplete." *Id.* ¶ 4. Plaintiff's Complaint is riddled with vague and conclusory allegations that fail to state a viable FCRA claim. It appears that Plaintiff is under the misunderstanding that there may be some sort of "fraud" because he did not believe the "inclusion of these negative accounts is necessary or accurate for permissible purpose," and that because he had not been "supplied proof" of the debt, he could, "presume that no proof of the alleged debt, nor [] any such debt, in fact exists." *See* Compl. ¶¶ 1-4. Plaintiff also claims he "requested that TransUnion investigate the accuracy of these negative accounts and remove information that is

5

found inaccurate or incomplete," but that in response to the investigations, "TransUnion sent a written response, 'upon our investigation' 'verified.'" *See* Compl. ¶¶ 5-8. It appears Plaintiff disagrees with Trans Union's investigations.

These vague, generalized factual allegations cannot provide the basis for a reasonable reporting or a reasonable reinvestigation claim under the FCRA because, as discussed above, Plaintiff has failed to allege any inaccuracy in Trans Union's reporting. Beyond his general statement that there were some "negative accounts" which Plaintiff claims are "inaccurate or incomplete," Plaintiff does not allege what, if anything, was inaccurate in his Trans Union consumer report with the specificity required to state a claim. *See* Compl. ¶¶ 1-4.

While Plaintiff's *pro se* status warrants a liberal reading of his pleadings, he still must meet the standards of the Federal Rules. *See Blocker v. City of Chicago*, No. 17 CV 00055, 2017 WL 3278323, at *1 (N.D. Ill. Aug. 2, 2017), *appeal dismissed*, No. 17-2949, 2017 WL 8294005 (7th Cir. Nov. 27, 2017) ("The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable. But to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief.") (citation omitted). Here, Plaintiff's vague allegations that the "negative accounts" were "inaccurate or incomplete," does not meet the standard needed to plead that Trans Union violated the FCRA. *See Waheed v. Hoyne Sav. Bank*, No. 16 C 11436, 2017 WL 1344537, at *2 (N.D. Ill. Apr. 12, 2017) (failure to allege details as to how debt was misrepresenting or false warranted dismissal of FCRA and FDCPA claims). Instead, Plaintiff's allegations "simply parrot the statutory text, which is insufficient." *See Fong v. Client Services, Inc.*, 12 C 1934, 2012 WL 2061624, at *1 (N.D. Ill. June 6, 2012) (dismissing FCRA claim because allegations consisted of "bare legal conclusions" that "parrot the statutory text")

(citing *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir.2009) ("We understand the Court in *Iqbal* to be admonishing those plaintiffs who merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, that they must do more."). Trans Union is left to presume that Plaintiff disputes some unidentified reporting connected to the Accounts, but Plaintiff fails to provide any factual allegations in support of such a claim.

At best, Plaintiff simply voices his disagreement with Trans Union's reporting and reinvestigation of the Accounts, but still never describes what exactly is inaccurate or why the Accounts should not have warranted an alleged verification of accuracy. Plaintiff attempts to parrot the statutory language of "inaccurate or incomplete," but offers no other information sufficient to plead such a claim. Accordingly, because Plaintiff's Complaint fails to set forth any required allegations of inaccuracies in Trans Union's reporting, reinvestigation, or otherwise, Plaintiff's claims against Trans Union must fail.

### B. Pursuant To The FCRA, Case Law Holds That Trans Union Is Not Required To Obtain Plaintiff's Consent Or Permission To Report The Accounts.

To the extent that Plaintiff attempts to state a claim under 15 U.S.C. § 1681b, by alleging that Trans Union somehow violated the FCRA because he did not believe "the inclusion of these negative accounts is [not] necessary or accurate for permissible purpose," these claims must also fail. *See* Compl. ¶ 2. Section 1681b of the FCRA sets forth numerous permissible purposes under which a CRA is permitted to prepare a consumer report. *See* 15 U.S.C. § 1681b. Although a CRA may prepare a consumer report "in accordance with the written instructions of the consumer to who it relates," the consumer's consent is generally not required. *Id.* § 1681b(a). Some of the many permissible purposes include: (1) in connection with "a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or

collection of an account of, the consumer;" (2) "for employment purposes;" (3) for "the underwriting of insurance involving the consumer;" (4) "in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law;" (5) as "a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or repayment risks associated with, an existing credit obligation;" or (6) more generally, "in connect with a business transaction that is initiated by the consumer" or "to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(A-F).

For this reason, case law holds that Trans Union cannot be liable under the FCRA for furnishing consumer reports to a person it believes will use the information for one of the several permissible purposes. *See generally id; see also Huertas v. Galaxy Asset Mgmt.,* 643 F.3d 28, 34 (3rd Cir. 2011)("the statute expressly permits distribution of a consumer reporting to any entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consume.'"); *Watson v. Ciconte, Wasserman, Scerba & Kerrick LLC*, 2015 WL 4967058, *3 (D. Del. Aug. 19, 2015)(holding "Section 1681 permits a consumer reporting agency to furnish a consumer report to a person which it has reason to believe 'intends to use the information in connection with a credit transaction involving the consumer on whom the information to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer.'"); *DeBose v. Experian Info. Solutions, Inc.*, No. 8:21-cv-416-KKM-TGW, 2021 WL 9598214, at *1 (M.D. Fla. Apr. 1, 2021) ("plaintiff's bald assertion that defendant wrongly disclosed his consumer report because defendant did not have written instructions from plaintiff to do so does not state a violation of the FCRA.").

8

As discussed above, Trans Union does not need Plaintiff's written instruction, authorization, or permission from Plaintiff to furnish his credit report. To the extent Plaintiff believes Trans Union needs his written instruction, authorization, or permission to report the Accounts, his claims must fail as no such obligation exists. *See Miller v. Santander Consumer USA*, No. 1:23-cv-5-GHD-DAS, 2013 U.S. Dist. LEXIS 168484, * 20-21 (N.D. Miss. June 13, 2023). In *Miller*, the Plaintiff claimed that credit data furnisher, Santander Consumer USA, "did not have permission to report any of her information to any credit reporting agency without her express consent – in effect claiming the right to exempt herself from any credit reporting on her performance under her contract with the company." *Id.* The Court dismissed the *Miller* complaint as frivolous, noting the following:

> "[A] quick computer search would readily advise any consumer, on an official government website . . . [t]he Consumer Financial Protection Bureau website puts forth the following question: "I do not want creditors to report my accounts to credit reporting agencies. What can I do? It then answers – 'You have no right to opt out of having creditors report your accounts to credit reporting agencies.'").

*Id.* Similarly, Trans Union is not required to obtain Plaintiff's consent or permission to report his Accounts, even if they are "negative accounts." Therefore, Plaintiff has failed to state a claim that Trans Union violated the FCRA or reported his Accounts without a permissible purpose, and his Complaint should be dismissed.

### C. Case Law Holds That Trans Union Is Not Required To Obtain And Provide Plaintiff With "Proof" Or "Written Validation" When Performing A Reasonable Reinvestigation To Verify The Accuracy Of The Information It Reports.

Even if Plaintiff did allege some inaccuracy in Trans Union's reporting — which he has not — he cannot demonstrate that Trans Union's reinvestigation of his disputes were unreasonable. The entire basis of Plaintiff's belief that Trans Union's reinvestigations and verifications were not

reasonable, because Trans Union had not "supplied proof," and therefore, he "may presume no proof of the alleged debt, nor any such debt, in fact exists." *See* Compl. ¶ 3. Plaintiff also pleads his general grievances with Trans Union's reinvestigations, claiming that while he "requested TransUnion to send [him] a written validation," and "verification," of the Accounts, instead, "TransUnion sent a written response, "upon our investigation; 'verified'." *See* Compl. ¶¶ 4-6.

As an initial matter, there is no requirement in the FCRA that a CRA must obtain or provide the consumer with any documents regarding the inner workings of their investigations, much less proof or written validation/verification of underlying debt. *See* 15 U.S.C. § 1681i; *see also, e.g.*, *Whiteford v. Equifax, Inc.*, Case No. 2:21-cv-00094-WSS (W.D. Penn. Aug. 18, 2021) (granting Defendants' motion for judgment on the pleadings and holding, "CRAs are not responsible for maintaining or presenting original copies of 'contracts' for the accounts they report"); *Butler v. Equifax Info. Servs. LLC*, No. 3:17-cv-422, 2018 WL 5986534 (N.D. Fla. 2018) ("[the FCRA] does not mandate Equifax . . . obtain and provide plaintiff with the original loan documents he signed", adopted in full by 2018 WL 5981841 (N.D. Fla. Nov. 14, 2018); *Watkins v. Experian Info. Solutions, Inc.*, No. 6:13-CV-00239-WSS-JCM, 2014 WL 12879669, at *8-9 (W.D. Tex. Sept. 8, 2014) (holding that the FCRA does not require consumer reporting agencies to obtain and/or dispute original loan documents); *Jackson v. Warning*, No. PJM 15-1233, 2016 WL 7228866, at *9 (D. Md. Dec. 13, 2016) (same); *Brill v. Trans Union, LLC*, 838 F.3d 919, 921 (7th Cir. 2016) (holding Trans Union had no duty to verify the accuracy of a signature on an automobile lease agreement that the plaintiff had asserted was forged).

The FCRA does not require a CRA to conduct its own, independent investigation into the validity of a consumer's debt, including legal defenses, as such is considered an impermissible collateral attack of the underlying debt. *See Harris v. Equifax Info. Serv., LLC*, No. 20-cv-01640,

2021 U.S. Dist. LEXIS *7 (N.D. Ill. Jan. 7, 2021). Here, Plaintiff attempts a threadbare recital of a claim without any other facts or information otherwise to explain why his four "negative accounts" are "inaccurate or incomplete" and must be removed from his credit report because he should be able to "presume" the debt does not exist. *See* Compl. ¶¶ 3-4. By offering nothing more than a mere conclusory statement to somehow avoid pleading an actual inaccuracy of the Accounts, Plaintiff launches a collateral attack on the underlying debt. As discussed previously, such a claim is an "improper collateral on the validity of his debt." *See Brill*, 838 F.3d 919, 912-22 (7th Cir. 2016).

In light of the above, and because case caw that Trans Union is not required to obtain or provide Plaintiff with "proof" or "written validation" when performing a reasonable reinvestigation, and it not required to conduct an independent investigation into the validity of the underlying debt, including legal defenses or otherwise, Plaintiff's claims must fail.

### D. Plaintiff Has Failed To Allege, As Required, Any Plausible Injury Stemming From The Alleged "Inaccurate or Incomplete" Accounts.

To maintain his FCRA claim, Plaintiff must sufficient plead that he suffered an injury and that injury was caused by Trans Union. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To establish standing to sue, the "plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief," *TransUnion, LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2001). Although a concrete injury need not be tangible, it must be "real," as opposed to "abstract." *Ewing v. MED-1 Sols., LLC*, 24 F.4th 1146, 1151 (7th Cir. 2022). This is because, even if inaccuracies exist, "[t]he mere presence of an inaccuracy in an internal credit file, if not disclosed to a third party, causes no concrete harm." *TransUnion*, 141 S.Ct. at 2210. Vague assertions of damages will not suffice. *McCelland v. Experian Info. Solutions*,

*Inc.*, 2006 U.S. Dist. LEXIS 57068, at *13 (D. Ill. July 28, 2006). This is because the FCRA provides remedies only for consumers who are actually damaged by a failure to comply with the FCRA. *See TRW Inc. v. Andrews*, 534 U.S. 19, 33-34 (2001); *Pettus v. TRW Consumer Credit Serv.*, 879 F. Supp. 695, 697 (W.D. Tex. 1994).

Here, Plaintiff has provided no facts regarding his alleged damages sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Instead, Plaintiff offers nothing more than vague and conclusory statement that "[d]ue to TransUnion's lack of corrective action," he has been "denied credit." *See* Complaint, ¶ 8. Without more, such is not enough to support the requisite plausible, concrete injury to support his claim or Article III standing, and instead, is nothing more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which fails to lift her claims above the speculative level. *Oakland Police & Fire Ret. Sys. V. Mayer Brown, LLP*, 861 F.3d 644, 649 (7th Cir. 2017).

For this reason, Plaintiff's Complaint cannot stand and must be dismissed.

> **E. Plaintiff's Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile Since The Facts Would Not Change And There Is No Way That Plaintiff Could Manipulate The Facts To State A Claim Under The FCRA.**

The decision to allow leave to amend a complaint is, of course, committed to the sound discretion of the District Court. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015). However, while leave to amend under Federal Rule of Civil Procedure 15 should be freely given, "Courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt., LLC*, 721 F.3d 865, 869 (7th Cir. 2013).

Here, Plaintiff's Complaint should be dismissed with prejudice and without leave to amend because there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA.

As discussed above, Plaintiff's concern with Trans Union's reporting is that Trans Union verified some information during its investigation, which Plaintiff disagreed with, for failing to provide "proof" and "validation," but moreso, presumedly, because the Accounts were "negative," and are therefore, based on his belief, means they are "inaccurate and incomplete." *See* Compl. ¶¶ 3-7. Plaintiff does not appear to allege any inaccurate information regarding the Accounts, much less allege how the information is inaccurate, aside from a threadbase assertion that they are "negative" and need to be removed, despite conceding to Trans Union's alleged numerous investigations and verifications of such information. *See* Compl. ¶¶ 4-7; *see also* Compl., p.3, ¶ 2 "Plaintiff Notice of Relief Requested" ("Immediate removal of inaccurate and/or negative (see page 2, complaint 4) items)").

Even if he could amend to attempt to assert an inaccuracy, the alleged basis for any such inaccuracy is unactionable, given his apparent false belief that negative information may not report to his credit file. Therefore, the Complaint should be dismissed with prejudice and without leave to amend.

### IV. <u>CONCLUSION</u>

For all the foregoing reasons, Trans Union respectfully requests that the Court grant Trans Union's Motion, dismiss Plaintiff's Complaint against Trans Union in its entirety, with prejudice, and award Trans Union its fees and costs incurred in defending this action, including reasonable attorneys' fees, along with such other relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Sydney O. Burden*
Sydney O. Burden, Esq. (IL #63-44840)
Trans Union, LLC
555 W. Adams Street
Chicago, IL  60661
Telephone: (773) 527-3385
E-Mail:  sydney.burden@transunion.com

*Counsel for Defendant Trans Union, LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been electronically filed on the **6th day of May, 2024**. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing.

| None. | |
|---|---|

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **6th day of May, 2024**, properly addressed as follows:

| **PRO SE PLAINTIFF:**<br>Darrick Lashawn Williams<br>P.O. Box 408994<br>Chicago, IL 60640<br>Email: Williams.darrick@gmail.com | |
|---|---|

*s/ Sydney O. Burden*
Sydney O. Burden, Esq. (IL #63-44840)
Trans Union, LLC
555 W. Adams Street
Chicago, IL 60661
Telephone: (773) 527-3385
E-Mail: sydney.burden@transunion.com

*Counsel for Defendant Trans Union, LLC*